Elliot Rosenberger (Cal. Bar No. 298837)
Joshua Biletsky (Cal. Bar No. 285438)
Biletsky Rosenberger
7080 Hollywood Blvd., Ste. 1100
Los Angeles, CA 90028
Telephone: (424) 442-9243
Facsimile: (866) 317-2674
erosenberger@thompsonconsumerlaw.com
jbiletsky@thompsonconsumerlaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Wendell Elam, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| AllianceOne Receivables Management, Inc., | ) |
| | ) |
| Defendant. | ) |
| | ) |

### NATURE OF ACTION

1. Plaintiff Wendell Elam ("Plaintiff") brings this action against Defendant AllianceOne Receivables Management, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*

### JURISDICTION, STANDING, AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3. Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed.

Complaint - 1

2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

**THE FAIR DEBT COLLECTION PRACTICES ACT**

5.  Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

6.  To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

7.  Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

8.  "In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress 'clearly intended that private enforcement actions would be the

primary enforcement tool of the Act.'" *Id.* (quoting *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982)).

9. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

10. "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117-18 (9th Cir. 2014) (emphasis in original).

11. "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

**THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

12. "California has adopted a state version of the FDCPA, called the Rosenthal Act." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012).

13. Like the FDCPA, the purpose of the RFDCPA is to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require

debtors to act fairly in entering into and honoring such debts, as specified in this title." Cal. Civ. Code § 1788.1(b).

14. "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs*, 681 F.3d at 1100.

15. "[A] plaintiff who recovers under the FDCPA is entitled to damages under the corresponding section of the RFDCPA." *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1077 (E.D. Cal. 2007).

**PARTIES**

16. Plaintiff is a natural person who at all relevant times resided in the State of California, County of Contra Costa, and City of San Pablo.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

18. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

19. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

20. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

21. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**FACTUAL ALLEGATIONS**

22. Plaintiff is a natural person allegedly obligated to pay a debt.

23. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

24. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

25. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

26. In or around April of 2018, Plaintiff looked at his credit report and discovered that Defendant was reporting the Debt with a balance of $50.00.

27. The Debt was allegedly incurred for medical services Plaintiff received from the Alameda Medical Center prior to 2012.

28. Upon information and belief, Plaintiff did not make any payments on the Debt since it was allegedly incurred it in 2012.

29. The state of California sets a four year statute of limitation for initiating an action to collect money owed in connection with the account. *See* Cal. Civ. Pro. § 337.

30. Therefore, the Debt was beyond the statute of limitations and Defendant could take no legal action to collect it.

31. After discovering the Debt on his credit report, Plaintiff telephoned Defendant and asked about the balance of the Debt.

32. At the time Plaintiff called Defendant, Defendant knew, or should have known, that the Debt was outside the statute of limitations.

33. However, Defendant did not inform Plaintiff that it is prohibited by law from suing Plaintiff on the Debt, either during the call or in any subsequent communication.

34. During the April 2018 call with Plaintiff, Defendant confirmed that the balance of the Debt was $50.00.

35. Plaintiff agreed to pay off the Debt and verbally authorized Defendant to debit $50 from his checking account on May 2, 2018.

36. However, Defendant did not debit $50 from Plaintiff's checking account on May 2, 2018.

37. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated May 15, 2018.

38. A true and accurate copy of Defendant's May 15, 2018 letter is attached as Exhibit A.

39. The May 15, 2018 letter states that Plaintiff's "postdated or pre-authorized check in the amount of $70.00 will be deposited on 05-18-18." Exhibit A.

40. Upon receipt of the letter, Plaintiff telephoned Defendant and inquired why it had not taken the $50 payment on May 2, 2018 and why the balance of the Debt had increased by $20.

41. Defendant informed Plaintiff that the additional $20 charge was due to having a check returned for insufficient funds.

42. Plaintiff subsequently contacted his bank and was informed that at all times on and prior to May 2, 2018, his checking account had the necessary funds to cover the $50 payment to Defendant.

43. Plaintiff's bank also told him there was no record of Defendant attempting to withdraw any funds from his account.

44. In connection with the collection of the Debt, Defendant sent Plaintiff another letter dated May 21, 2018.

45. A true and accurate copy of Defendant's May 21, 2018 letter is attached as Exhibit B.

46. Defendant's May 21, 2018 letter itemizes the $70 balance of the Debt as $50 for the "Assigned Amount" and $20 for "Post Assigned Interest." Exhibit B.

47. Although Defendant's May 21, 2018 letter thanks Plaintiff for his recent payment, informing him "[w]e have credited your account," Plaintiff did not pay off the balance of the Debt.

48. Therefore, Defendant's May 21, 2018 letter is false, misleading, or deceptive because it claims Plaintiff made a payment when he did not; also it adds an extra $20 that was not reported on his credit report and was not disclosed during the initial call.

49. Defendant falsely represented the amount of the Debt by not advising Plaintiff during the April call that the balance was subject to a $20 "Post Assigned Interest" charge.

50. Additionally, Defendant's May 15, 2018 letter violates the FDCPA by adding and attempting to collect a $20 "Post Assigned Interest" charge not expressly authorized by the agreement creating the debt or permitted by law. *See* 15 U.S.C. § 1692f(1).

51. If Defendant was authorized to collect the $20 "Post Assigned Interest" fee, then it communicated false information about the Debt to the credit reporting agencies when it listed Plaintiff's Debt as $50. 15 U.S.C. § 1692e(8).

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692e

52. Plaintiff repeats and re-alleges each and every factual allegation above.

53. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

54. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

55. Plaintiff repeats and re-alleges each and every factual allegation above.

56. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

57. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

58. "[I]t is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006)).

59. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692e(8)**

60. Plaintiff repeats and re-alleges each and every factual allegation above.

61. Under the same general prohibition of false, misleading, or deceptive debt collection practices, the FDCPA prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

62. When Plaintiff first discovered the Debt being reported on his credit report in April 2018, the balance was reported as $50.

63. Yet, Defendant's May 15, 2018 letter states that Plaintiff owed $50 *plus* $20 in "Post Assigned Interest." Exhibit A.

64. If Plaintiff did owe $20 for "Post Assigned Interest," then by reporting the balance owed on his credit report as $50 instead of $70, Defendant communicated credit information which is known or which should be known to be false.

65. Defendant violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which is known or which should be known to be false.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(8);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692e(10)**

66. Plaintiff repeats and re-alleges each and every factual allegation above.

67. Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision,

prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

68. The FDCPA is intended to be "comprehensive, in order to limit the opportunities for debt collectors to evade the under-lying legislative intention," and therefore the same conduct may violate multiple sections of the Act. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) (citing FTC Official Staff Commentary on FDCPA, 53 Fed. Reg. 50097, 50101).

69. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT V**
**VIOLATION OF 15 U.S.C. § 1692f**

70. Plaintiff repeats and re-alleges each and every factual allegation above.

71. The FDCPA also prohibits the use of unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

72. In addition to the non-exhaustive list of conduct that violates the FDCPA, § 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically." *Turner v. Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

73. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT VI**
**VIOLATION OF 15 U.S.C. § 1692f(1)**

74. Plaintiff repeats and re-alleges each and every factual allegation above.

75. The Act also prohibits the use of unfair or unconscionable means to collect debts, including, but not limited to, the attempt to collect amounts to which the debt collector is not legally entitled to collect. *See* 15 U.S.C. §§ 1692f, 1692f(1).

76. "The 'permitted by law' language of the FDCPA has been construed to mean 'an affirmative authorization, not just indulgent silence.'" *Champion v. Target Nat'l Bank*, No. 1:12-

CV-4196-RLV, 2013 WL 8699367, at *10 (N.D. Ga. Apr. 15, 2013) (*quoting Shula v. Lawent*, No. 01 C 4883, 2002 WL 31870157, at *9 (N.D.Ill.Dec.23, 2002)).

77. Debt collectors may not collect any amount if either "(A) state law expressly prohibits collection of the amount or (B) the contract does not provide for collection of the amount and state law is silent." *FTC Staff Commentary on the FDCPA*, 53 Fed. Reg. 50,097, 50,108 (Dec. 13, 1988)

78. "[W]hen state law does not affirmatively authorize or prohibit service charges, a service charge may only be imposed if the customer expressly agreed to it in the contract which gives rise to the debt." *Weast v. Rockport Fin., LLC*, 115 F. Supp. 3d 1018, 1022 (E.D. Mo. 2015) (citing *Pollice v. Nat'l Tax Funding, L.P.,* 225 F.3d 379, 407–08 (3d Cir. 2000); *Tuttle v. Equifax Check,* 190 F.3d 9, 13 (2d Cir. 1999)).

79. Defendant violated 15 U.S.C. § 1692f(1) by adding and attempting to collect a "Post Assigned Interest" fee when it had no legal right to do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f(1);
b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;
c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);
d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);
e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and
f) Awarding such other and further relief as the Court may deem proper.

**COUNT VII**
**VIOLATION OF CAL. CIV. CODE § 1788.17**

80. Plaintiff repeats and re-alleges each factual allegation contained above.

81. A debt collector violates Cal. Civ. Code § 1788.17 by failing to comply with § § 1692b-j of the FDCPA.

82. "[A]s any violation of the Rosenthal Act is a violation of the FDCPA, Plaintiff's claims under this cause of action are insufficiently supported as well." *Miran v. Convergent Outsourcing, Inc.*, No. 316CV00692AJBJMA, 2017 WL 1410296, at *6 (S.D. Cal. Apr. 20, 2017).

83. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

84. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

85. Defendant violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which is known or which should be known to be false.

86. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

87. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the Debt.

88. Defendant violated 15 U.S.C. § 1692f(1) by adding and attempting to collect a "Post Assigned Interest" fee when it had no legal right to do so.

89. Therefore, by failing to comply with the FDCPA, Defendant violated Cal. Civ. Code § 1788.17.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated Cal. Civ. Code § 1788.17;

b) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

90. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 5, 2019

Respectfully submitted,

/s/ Elliot Rosenberger
Elliot Rosenberger (Cal. Bar No. 298837)
Biletsky Rosenberger
7080 Hollywood Blvd., Ste. 1100
Los Angeles, CA 90028
Telephone: (424) 442-9243
Facsimile: (866) 317-2674
erosenberger@thompsonconsumerlaw.com

/s/ Joshua Biletsky
Joshua Biletsky (Cal. Bar No. 285438)
Biletsky Rosenberger
7080 Hollywood Blvd., Ste. 1100
Los Angeles, CA 90028
Telephone: (424) 442-9243
Facsimile: (866) 317-2674
jbiletsky@thompsonconsumerlaw.com

*Co-counsel with:*
*Thompson Consumer Law Group, PLLC*

**Correspondence address:**

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618
Mesa, AZ 85206
TCLG@thompsonconsumerlaw.com

Attorneys for Plaintiff